UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EMPLOYERS & CEMENT MASONS #90 )
HEALTH & WELFARE FUND, By and Through )
Its Board of Trustees; )
)
and )
)
EMPLOYERS AND CEMENT MASONS #90 )
PENSION FUND, By and Through Its Board of )
Trustees; )
)
and ) Cause No.
)
CEMENT MASONS LOCAL #90 )
)
    Plaintiffs, )
)
v. )
)
ALBRIGHT CONCRETE; )
)
and )
)
JOSH ALBRIGHT, )
d/b/a ALBRIGHT CONCRETE )
)
    Defendants. )

## COMPLAINT

COME NOW Plaintiffs, EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND, EMPLOYERS AND CEMENT MASONS #90 PENSION FUND AND LOCAL #90, and state as follows for their Complaint against Defendant ALBRIGHT CONCRETE and JOSH ALBRIGHT, d/b/a ALBRIGHT CONCRETE:

### Parties

1.    Plaintiff EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections

3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. Plaintiff EMPLOYERS AND CEMENT MASONS #90 PENSION FUND (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3. The business address and place of administration of the Welfare Fund and Pension Fund is in Chesterfield, St. Louis County, Missouri.

4. Plaintiff CEMENT MASONS LOCAL #90 (hereinafter "Local #90") is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4) and is a "labor organization" within the meaning of Section 2(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 152(5).

5. Local #90's business address is in Troy, Madison County, Illinois.

6. Together, the Welfare Fund, Pension Fund and Local #90 shall be referred to as "Plaintiffs."

7. Defendant ALBRIGHT CONCRETE (hereinafter "Albright Concrete") is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning

2

of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

8. Albright Concrete's business address is and/or was in Renick, Randolph County, Missouri.

9. Defendant JOSH ALBRIGHT, d/b/a ALBRIGHT CONCRETE (hereinafter "Josh Albright, d/b/a Albright Concrete") is a natural person residing in Renick, Randolph County, Missouri.

10. Josh Albright, d/b/a Albright Concrete is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

11. This Court has jurisdiction over Plaintiffs' claims pursuant to Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' respective Boards of Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds; and of § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that Plaintiffs are suing to enforce a contract between an employer and a labor organization.

12. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

13. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

14. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are and/or were at all times relevant hereto engaged in concrete construction in and around Randolph County, Missouri and the State of Missouri in general. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are and/or have been engaged in concrete construction within the territorial jurisdiction of Local #90.

15. Upon information and belief, there has never been a filing with the Missouri Secretary of State, or any Secretary of State, establishing Albright Concrete as a corporation, or other business entity. As such, Albright Concrete is an alter-ego or "doing business as" name of Josh Albright. Therefore, Josh Albright is individually responsible for the liabilities, debts and other obligations of Albright Concrete, including those alleged in this Complaint.

16. At all times relevant to this Complaint, Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are, were and have been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Local #90.

17. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are also signatory to and bound by a Participation Agreement, or Agreements (hereinafter "Participation Agreement(s)") with the Plaintiff Funds.

18. Pursuant to the Agreement(s) and Participation Agreement(s), Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, agreed to become party to and to be bound by the terms and provisions of certain Trust Documents (hereinafter "Trust Documents") establishing the Plaintiff Funds.

19. The Agreement(s), Participation Agreement(s) and Trust Documents require Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, to submit monthly

4

remittance reports ("Remittance Reports") detailing the hours worked by and wages paid to employees performing work covered by the Agreement(s) and to pay monetary contributions to the Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

20. The Agreement(s) further require Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, to report and pay certain collectively-bargained contributions and employee wage deductions to Local #90, on behalf of which the Welfare Fund and the Pension Fund are the designated collection agents.

21. Said collectively-bargained contributions and employee wages deductions are received and processed in Chesterfield, Missouri, within the territorial jurisdiction of this Court.

22. Remittance Reports are due by the fifteenth (15th) of the month following the month in which the work was performed.

23. ERISA, the Agreement(s), Participation Agreement(s), and/or Trust Documents to which Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely payment of contributions due, the contractor shall be liable for the contributions due, as well as liquidated damages in the amount of twenty percent (20%) of the contributions due, interest, auditing and/or accounting fees and attorneys' fees and costs.

24. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, have, without good cause, failed and refused to completely and accurately report and pay fringe benefit contributions for the period of August 2016 through current.

25. Therefore, Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, are considered delinquent in their obligations to Plaintiffs.

26. Demand has been made upon Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, to submit all outstanding remittance reports and to pay these outstanding fringe benefit contributions and late fees.

27. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, have, without good cause, failed and refused to submit complete and accurate reports, or to make payment of contributions, despite their contractual obligation to do so.

28. Plaintiffs are unable to determine the amount of contributions due, or to properly credit the accounts of employees of Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, who stand to lose eligibility, or coverage, as a result of the omissions of Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete.

29. Plaintiffs lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete are ordered to comply with their contractual obligations and to submit outstanding remittance reports and required payments.

30. Plaintiffs are entitled to an award of all contributions due.

31. Pursuant to ERISA, Plaintiffs are also entitled to an award of interest.

32. Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, further are liable for Liquidated Damages in the amount of twenty percent (20%) of the contributions due.

33. Plaintiffs are further entitled to an award of their attorneys' fees and costs.

34. As a result of the actions of Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete, the Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete;

b. Enter Orders for temporary, preliminary and permanent injunctive relief requiring Defendants Albright Concrete and Josh Albright, d/b/a Albright Concrete to immediately submit all outstanding fringe benefit remittance reports;

c. Enter an Order awarding Plaintiffs the delinquent fringe benefit contributions as reflected on the remittance reports;

d. Enter an Order awarding Plaintiffs appropriate pre-judgment interest;

e. Enter an Order awarding Plaintiffs Liquidated Damages in the amount of twenty percent (20%) of the contributions due;

f. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs