UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS AND CEMENT MASONS #90 HEALTH AND WELFARE FUND, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:17 CV 1424 CDP |
| ALBRIGHT CONCRETE, et al., | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Cement Masons Local #90 ("Union") and various of its trust funds bring this action under ERISA, 29 U.S.C. § 1145, claiming that defendants Albright Concrete and Josh Albright, doing business as Albright Concrete, failed to make contributions to the various funds as it was obligated to do under its Collective Bargaining Agreement ("CBA") with the Union.

After being served with process, defendants failed to timely answer or otherwise respond to plaintiffs' complaint, and the clerk of court entered default against them. At the plaintiffs' request, I ordered defendants to submit outstanding fringe benefit remittance reports. Defendants initially failed to respond, necessitating multiple hearings and a finding of contempt. Defendants eventually provided to plaintiffs the names of hired employees and their hours worked in

September 2016. Plaintiffs now move for entry of default judgment. Because the affidavits and other evidence submitted support plaintiffs' requested judgment, I will grant their motion and enter default judgment against the defendants. However, I will reduce the award of attorneys' fees to a reasonable amount.

After default has been entered against a defendant, he is deemed to have admitted all well-pleaded factual allegations in the complaint. *See Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008). Evidence and supporting documents must provide a basis for the amount of damages sought by plaintiffs and awarded by the Court. *Stephenson*, 524 F.3d at 917.

When entering judgment in favor of a benefits plan under 29 U.S.C. § 1132, I shall award the plan:

**(A)** the unpaid contributions,

**(B)** interest on the unpaid contributions,

**(C)** an amount equal to the greater of --

    **(i)** interest on the unpaid contributions, or

    **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage

>    as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Here, plaintiffs request judgment against defendants in the amount of $4736.50 in delinquent fringe benefit contributions and $947.30 in liquidated damages. Plaintiffs previously filed a copy of the CBA between the parties which was signed by defendant Albright on behalf of Albright Concrete. ECF No. 10-1. Plaintiffs now submit as evidence an email from defendant Albright listing the four employees he hired in September 2016 and the number of hours of regular and overtime that they worked for him. Albright's information is supported by affidavits from two of the four employees, attesting to the number of hours worked. Plaintiffs also submitted the Union reporting form which establishes the required contribution rates due to the funds for each hour of straight-time and over-time pay. Plaintiffs' provided a chart summarizing the amounts owed and the rates by which the delinquent contributions were calculated. Plaintiffs also seek twenty percent (20%) of the delinquent contribution amount as liquidated damages, as allowed under both the ERISA statute and their CBA. 29 U.S.C. § 1132(g)(2)(C)(ii); ECF No. 10-1 at Art. 4, § 9. Plaintiffs have adequately proven

the amount owed by defendants in delinquent fringe benefit contributions and liquidated damages, and I will grant judgment thereon.

Plaintiffs also request judgment against defendants in the amount of $8365.46 for attorneys' fees and costs. Plaintiffs have submitted the affidavit of attorney James R. Kimmey, who attests to the applicable billing rates, the details of the work performed, and the time expended, resulting in legal fees totaling $7807.50. Kimmey also attests to the details of the costs plaintiffs seek to recover in this action, totaling $557.96 for the court filing fee, service of process fees, and mileage costs for attending two hearings required by defendants' lack of response to plaintiffs' motion to compel.

Plaintiffs are entitled to "reasonable" attorneys' fees and costs against defendants on their ERISA claim under 29 U.S.C. § 1332(g)(2)(D). As the Supreme Court has repeatedly recognized, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014). The Court should only include hours that are "reasonably expended" and counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Once I have

determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1]  *Id.*; *see also City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986).

The chart below is a summary of plaintiffs' lodestar calculation for their attorneys' fees based on the information provided in Kimmey's affidavit:

| Attorney Initials | Hours | Rate | Total |
|---|---:|---:|---:|
| BWS | 1.9 | $195 | $370.50 |
| JRK | 33.5 | $195 | $6532.50 |
| PAR | 10.05 | $90 | $904.50 |
| **TOTAL** | 45.45 | | $7807.50 |

Plaintiffs have adequately proven the amount of attorneys' fees and costs which they seek; however, I do not find the attorneys' fees amount to be reasonable.  In a review of Kimmey's affidavit detailing the work performed, I find that some hours were not "reasonably expended" and are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  For example, on May 16, 2017, 1.2 hours were billed in part for a motion for injunction and memorandum in support, yet no such motion was filed in this case.  ECF No. 27-5 at 2.  On October

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

13, 16, and 20th, counsel billed 5.0 hours for work that included the drafting of a promissory note, indemnification agreement, and settlement letter. *Id.* at 4-5. Although the client may have requested such work, none of this work was necessary for a default judgment ruling in this case. Overall, I find the number of hours billed unreasonable. *See also* ECF No. 27-5 at 4 (On 9/21/17, counsel billed 3.0 hours for preparation and travel to a hearing that lasted eight minutes. *See* ECF No. 21; On 9/27/17, counsel billed .4 hour for an email that was three lines long. *See* ECF No. 27-1 at 2).

This was not a factually or legally complex case. Defendants failed to answer or respond, no factual allegations had to be proven, and the case never went to trial. Admittedly, the case was made more time consuming for plaintiffs' counsel by the fact that defendants initially failed to comply with discovery requests and the court's order on their motion to compel. However, this case was similar to many routine default judgment ERISA cases for which I have awarded significantly lower attorneys' fees. *See Greater St. Louis Constr. Laborers Welfare Fund v. Fitzgerald Constr., Inc.*, No. 4:16 CV 1375, 2017 WL 2618268, at *1 (E.D. Mo. June 16, 2017) (awarding $1641.50 in attorney fees); *St. Louis – Kansas City Carpenters Reg'l Council v. ILMO Contracting, LLC*, No. 4:16 CV 751, 2016 WL 5371586, at *2 (E.D. Mo. Sept. 26, 2016) (awarding $1084.40 total in attorneys' fees and costs). In a recent ERISA case in this district that also

involved default judgment against a defendant who failed to respond to a motion filed by plaintiff, failed to appear at a hearing, and failed to comply with a court order to submit to an audit, the court granted plaintiffs' request for attorney fees' under 29 U.S.C. § 1332(g)(2) in the amount of $2256. *Cement Masons Local 527 v. Palazzolo Constr., LLC*, No. 4:16 CV 1437, 2017 WL 4682820, at *3 (E.D. Mo. Oct. 18, 2017). Counsel in this similar case seeks attorneys' fees in an amount that is over three times as much.

In light of this case's lack of complexity and difficulty of questions, along with a consideration of awards in similar cases, I find the number of hours billed by the Cavanagh & O'Hara firm to be excessive. Therefore, I will reduce the number of hours billed at the rate of $195 per hour to twenty-five (25) hours. This amount, combined with the 10.05 hours at $90 per hour, results in an award of $5779.50 in attorneys' fees. I find this amount to be reasonable for the work performed. Plaintiffs have adequately proven the amount of costs, which I find reasonable, and I will grant judgment thereon.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment [26] is **GRANTED**.

A separate Judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.